[No. 19654. Department One. April 7, 1926.]

E. S. BARNES, *Respondent*, v. H. W. COLE *et al.*, *Appellants.*[1]

[1] HIGHWAYS (52)—NEGLIGENT USE OF MOTOR VEHICLES—COLLISION. The evidence sustains findings of negligence, where defendant's car, following behind a truck on a curve, skidded into a car heading the other way which was pulled over to the right as far as possible and brought to a stop.

[2] APPEAL (452)—HARMLESS ERROR—ERRORS NOT AFFECTING TRIAL DE NOVO IN SUPREME COURT. Error in the admission of evidence in an action at law tried to the court is not ground for reversal.

Appeal from a judgment of the superior court for King county, Truax, J., entered April 18, 1925, upon findings in favor of the plaintiff, in an action for injury to an automobile as the result of a collision. Affirmed.

*Roy Erford* and *J. M. Hawthorne,* for appellants.

*Henry S. Noon,* for respondent.

[1]Reported in 244 Pac. 728.

FULLERTON, J.—The respondent, Barnes, recovered against the appellants Cole for an injury to his automobile. The cause was tried to the court sitting without a jury.

The injury was the result of a collision between the automobile of the respondent and an automobile of the appellants, which occurred on the public highway extending between the cities of Seattle and Everett. The respondent's automobile was being driven northerly on the highway and the appellants' southerly. At the place where the automobiles approached each other, there was a curve in the highway, which prevented a view ahead for any considerable distance. Ahead of the appellants, going southerly, was an automobile truck, traveling slower than the appellants' automobile was traveling. As the appellants' automobile approached the truck, it began to skid, and control over its movements was lost. At this time the respondent's automobile reached the place, and its driver, seeing the skidding automobile, slackened its speed, drove it as far to the right as the highway would permit, and brought it to a stop. While in this position it was struck by the appellants' automobile.

[1] It is the appellants' contention that the skidding of their automobile was not due to any fault of its driver, but was due to unavoidable causes, and hence they are not liable for the injury suffered by the respondent. The trial court found that they were negligent in driving at a higher rate of speed than the circumstances warranted, and that the injury was due to this fact. In our opinion, the evidence justifies the conclusion. We think also that it justified the conclusion that the appellants' driver attempted to pass the truck at a place where he did not have a clear view ahead for a distance sufficient to pass it in the clear,

and that the skidding was the result of his effort to check the speed of the car after he discovered the approaching car of the respondent. But accepting the view of the trial judge, the evidence amply supports the judgment.

[2] It is complained that the court admitted incompetent evidence. The evidence consisted of certain so-called "pictorial charts," intended to show the situation at the place of the collision. Seemingly, no objection could be urged against them that cannot be urged against the ordinary map frequently drawn by a witness and put in evidence to aid in the explanation of a given situation; but, conceding that they are objectionable, their admission does not require a reversal or modification of the judgment. In actions tried by a court without a jury, this court will direct a new trial where competent evidence which might affect the result is rejected, and will direct another judgment where the competent evidence is insufficient to sustain the judgment entered, but the mere admission of incompetent evidence is harmless.

The judgment is affirmed.

Tolman, C. J., Holcomb, Main, and Parker, JJ., concur.